

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE BEAR STEARNS COMPANIES INC., et al, | § § § § | |
| Plaintiffs, | § § | |
| | § | Civil Action No. 3:00-CV-1900-D |
| VS. | § § | |
| NYE LAVALLE, | § § § | |
| Defendant. | § | |

## JUDGMENT

For the reasons set out in prior memorandum opinions and orders filed in this case, including those filed October 27, 2000 and December 3, 2002, and for the reasons stated on the record at a hearing conducted January 24, 2003, it is ordered and adjudged that plaintiffs The Bear Stearns Companies Inc. ("Bear Stearns") and EMC Mortgage Corporation ("EMC") have and recover judgment from defendant Nye Lavalle ("Lavalle") as set forth below.

I

EMC shall recover from Lavalle actual damages in the sum of $23,330.00 and punitive damages in the sum of $46,660.00 for trespass, and post-judgment interest thereon at the rate of 1.32% per annum.

II

Plaintiffs shall recover from Lavalle statutory damages in the sum of $340,000.00 for violations of 15 U.S.C. § 1125(d)(1), attorney fees of $211,633.46, and post-judgment interest thereon at the rate of 1.32% per annum.

III

Plaintiffs shall recover from Lavalle $14,927.50 in unpaid sanctions awarded by orders filed in this case.

IV

1. Ownership of the following domain names is transferred from Lavalle to Bear Stearns, and all ownership, title, and interest in such domain names is vested in Bear Stearns: emcmortgagecomplaints.com, emcmortgagecorporation.com, emcmortgage.net, emcresidential-mortgage.com, bearstearnscomplaints.com, thebearstearnscompanies.com, bearstearns-companies.com, bearstearnsmortgagesecurities.com, bearstearnsassetbackedsecurities.com, bear-stearnsmortgagegroup.com, bearstearnsmortgage.com, bearstearnsmortgagecapital.com, bear-stearnssecuredinvestors.com, bearshareholders.com, bearstearnsshareholders.com, and bear-stockholders.com.

2. Concerning domain names that currently are in the court registry—all domain names set out in § IV(1) of this judgment except emcmortgagecomplaints.com, bearstearnscomplaints.com, and bearstearnsshareholders.com—the court orders the clerk of the court, Register.com, and any other persons or entities responsible for registering such names or maintaining control over such names or their use to take any actions that are reasonably necessary to accomplish and effect this transfer of ownership to Bear Stearns.

3. Concerning domain names that are not currently in the court registry—emcmortgagecomplaints.com, bearstearnscomplaints.com, and bearstearnsshareholders.com—the court orders Lavalle and any other persons or entities responsible for registering such names or maintaining control such names or their use to take any actions that are

reasonably necessary to accomplish and effect this transfer of ownership to Bear Stearns.

V

It is ordered and adjudged that Lavalle, his officers, agents, servants, employees, and attorneys, and all those in active concert or participation with him who receive actual notice of this order by personal service or otherwise, are permanently enjoined and prohibited from the following:

1. Registering, using, advertising, trafficking in, posting any website or websites at, or publishing any information at or from the following domain names or sites accessed through such domain names: emcmortgagecomplaints.com, emcmortgagecorporation.com, emcmortgage.net, emcresidentialmortgage.com, bearstearnscomplaints.com, thebearstearns-companies.com, bearstearnscompanies.com, bearstearnsmortgagesecurities.com, bearstearnsassetbackedsecurities.com, bearstearnsmortgagegroup.com, bear-stearnsmortgage.com, bearstearnsmortgagecapital.com, bearstearnssecured-investors.com, bearshareholders.com, bearstearnsshareholders.com, and bear-stockholders.com, or any other domain name that utilizes, incorporates, or is confusingly similar to the strong marks "BEAR STEARNS," "EMC MORTGAGE," or "EMC."

2. Registering, using, advertising, trafficking in, or sending messages or communications from e-mail addresses EMCForeclosure@aol.com or TheBearStearnsCo@aol.com, or any other e-mail address that utilizes, incorporates, or is confusingly similar to the strong marks "BEAR STEARNS," "EMC MORTGAGE," or "EMC."

3.  Nothing in § V(1) or V(2) of this judgment enjoins or prohibits Lavalle from publishing communications that are protected by the First Amendment of the Constitution of the United States or from registering, trafficking in, or using a domain name or e-mail address that makes it unmistakable that Lavalle is not the owner of plaintiffs' marks or that incorporates plaintiffs' names or marks in a manner that is unmistakably critical of plaintiffs and thus does not present a likelihood of confusion.

VI

1.  It is ordered and adjudged that Lavalle is permanently enjoined and prohibited from directing conduct or communication specifically toward any person whom Lavalle knows to be a director, officer, employee, agent, or attorney of Bear Stearns, EMC, or any parent, subsidiary, or affiliate thereof, that is reasonably likely to harass, alarm, abuse, or torment such person. This injunction also applies to persons whom Lavalle knows to be a family member of any such director, officer, employee, agent, or attorney. This injunction applies to written, oral, electronic, telephonic, or in person communications, and it enjoins Lavalle from entering on the premises or real property of any such person, intentionally physically approaching or coming within twenty (20) feet of any such person, or physically following any such person.

2.  To the extent inconsistent with the injunction set out in § VI(1) of this judgment, but to no greater extent, nothing in § VI(1) of this judgment enjoins or prohibits Lavalle from exercising rights that are protected by the First Amendment of the Constitution of the United States, rights that are conferred upon him as a corporate shareholder of Bear Stearns, EMC, or any parent, subsidiary, or affiliate thereof, or rights or obligations involved in the prosecution or defense of litigation involving Lavalle and Bear Stearns, EMC, or any parent, subsidiary, or affiliate thereof.

VIII

Plaintiffs' taxable costs of court, as calculated by the clerk of court, are assessed against Lavalle.

Done at Dallas, Texas this 3rd day of February, 2003.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE